IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| JAMES E. SLAUGHTER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 3:07-CV-366-MHT |
| | ) [WO] |
| | ) |
| RONALD W. HILYER, et al., | ) |
| | ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This case is pending before the court on a 42 U.S.C. § 1983 complaint filed by James E. Slaughter ["Slaughter"], a county inmate, in which he challenges the constitutionality of medical treatment provided to him during his incarceration at the Lee County Detention Center. Specifically, Slaughter asserts that Dr. Ronald W. Hilyer, a private orthopedic surgeon to whom the detention center's physician referred him for treatment, performed unsuccessful surgeries on his right fifth finger. Slaughter also complains that correctional officers and medical personnel employed by the Lee County Detention Center failed to provide him adequate treatment for his finger. Slaughter names Dr. Ronald W. Hilyer, Jay Jones, the sheriff of Lee County, Alabama, Cary Torbert,[1] the administrator of the Lee County Detention Center, Corey Welch, a correctional officer at

---

[1] Cary Torbert's name appears as "Carrie Tolbert" throughout the plaintiff's complaint. However, the defendants advise that the correct spelling of this defendant's name is Cary Torbert, and, in his most recent response, the plaintiff refers to this defendant as Torbert. For purposes of this Recommendation, the court will therefore refer to this defendant by his correct name.

the detention center, Dr. John McFarland, the contract physician for the detention center, and Linda Stewart, a nurse employed by the detention center, as defendants in this cause of action.[2] Slaughter seeks monetary damages for the alleged violations of his constitutional rights.

Dr. Hilyer and the county defendants filed special reports and supporting evidentiary materials addressing Slaughter's claims for relief. Pursuant to the orders entered in this case, the court deems it appropriate to treat these reports as motions for summary judgment. *Order of July 12, 2007 - Court Doc. No. 13* at 2-3. Hence, this case is now pending on the defendants' motions for summary judgment. Upon consideration of these motions, the evidentiary materials filed in support thereof and the plaintiff's response in opposition to the motions, the court concludes that the defendants' motions for summary judgment are due to be granted.

## I. STANDARD OF REVIEW

To survive the defendants' properly supported motions for summary judgment, Slaughter is required to produce "sufficient [favorable] evidence" which would be admissible at trial supporting his claims of constitutional violations. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); Rule 56(e), *Federal Rules of Civil Procedure*. Specifically, he must "go beyond the pleadings and ... designate 'specific facts showing that

---

[2]The court will hereafter, at times, refer to defendants Jones, Torbert, Welch, McFarland and Stewart as the county defendants.

there is a genuine issue for trial.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). "If the evidence [on which the nonmoving party relies] is merely colorable ... or is not significantly probative ... summary judgment may be granted." *Anderson v. Liberty Lobby*, 477 U.S. at 249-250. "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the [trier of fact] could reasonably find for that party. *Anderson v. Liberty Lobby*, 477 U.S. 242, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986)." *Walker v. Darby*, 911 F.2d 1573, 1576-1577 (11th Cir. 1990). A plaintiff's conclusory allegations similarly do not provide sufficient evidence to oppose a motion for summary judgment. *Harris v. Ostrout*, 65 F.3d 912, 916 (11th Cir. 1995); *Fullman v. Graddick*, 739 F.2d 553, 556-557 (11th Cir. 1984). Thus, when a plaintiff fails to make a showing sufficient to establish the existence of an element essential to his case and on which the plaintiff will bear the burden of proof at trial, summary judgment is due to be granted in favor of the moving party. *Celotex*, 477 U.S. at 322 ("[F]ailure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."); *Barnes v. Southwest Forest Industries, Inc.*, 814 F.2d 607, 609 (11th Cir. 1987) (if on any part of the prima facie case the plaintiff presents insufficient evidence to require submission of the case to the trier of fact, granting of summary judgment is appropriate).

To demonstrate a genuine issue of material fact, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the

material facts.... Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Consequently, where the evidence before the court which is admissible on its face or which can be reduced to admissible form indicates that there is no genuine issue of material fact and that the party moving for summary judgment is entitled to it as a matter of law, summary judgment is proper. *Celotex*, 477 U.S. at 323-324 (summary judgment is appropriate where pleadings, evidentiary materials and affidavits before the court show there is no genuine issue as to a requisite material fact); *Waddell v. Valley Forge Dental Associates, Inc.*, 276 F.3d 1275, 1279 (11th Cir. 2001) (to establish a genuine issue of material fact, the nonmoving party must produce evidence such that a reasonable trier of fact could return a verdict in his favor).

Although factual inferences must be viewed in a light most favorable to the nonmoving party, and *pro se* complaints are entitled to liberal interpretation by the courts, a *pro se* litigant does not escape the burden of establishing a genuine issue of material fact. *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990). In this case, Slaughter has failed to demonstrate that there are any genuine issues of material fact in order to preclude summary judgment in favor of the defendants. *Matsushita*, *supra*.

## II. DISCUSSION

### A. Dr. Ronald W. Hilyer

In October of 2006 and March of 2007, medical personnel at the Lee County

Detention Center referred Slaughter to Dr. Ronald W. Hilyer, a board certified orthopedic surgeon practicing in Opelika, Alabama, for treatment of Slaughter's right fifth finger. Based on his initial observation, Dr. Hilyer determined "Slaughter needed surgery. I discussed with [Slaughter] the risks of surgery and the possibility that the surgery would not be successful. On November 3, 2006, I performed an open reduction internal fixation right fifth finger. I continued to treat Mr. Slaughter thereafter. In March, 2007, I concluded that additional surgery was necessary and [on April 20, 2007] performed a closed reduction and joint replacement of the right fifth finger." *Affidavit of Ronald W. Hilyer, M.D. - Court Doc. No. 8-2* at 1-2.

The court construes the instant complaint to challenge the constitutionality of the medical treatment provided by Dr. Hilyer. Slaughter, however, is entitled to no relief from Dr. Hilyer in this cause of action.

An essential element of a 42 U.S.C. § 1983 action is that the alleged constitutional deprivation was committed by a person acting under color of state law or a person whose conduct is fairly attributable to the State. *American Manufacturers Mutual Ins. Co. v. Sullivan*, 526 U.S. 40, 119 S.Ct. 977, 985, 143 L.Ed.2d 130 (1999); *Parratt v. Taylor*, 451 U.S. 527 (1981); *Willis v. University Health Services, Inc.*, 993 F.2d 837, 840 (11th Cir. 1993). To state a viable claim for relief under § 1983, a plaintiff must assert that he was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law. Like the state-action requirement of the Fourteenth Amendment, the under-color-of-state-law element of § 1983

excludes from its reach '"merely private conduct, no matter how discriminatory or wrongful,"' *Blum v. Yaretsky*, 457 U.S. 991, 1002, 102 S.Ct. 2777, 73 L.Ed.2d 534 (1982) (quoting *Shelley v. Kraemer*, 334 U.S. 1, 13, 68 S.Ct. 836, 92 L.Ed. 1161 (1948))." *American Manufacturers*, 526 U.S. at 49-50, 119 S.Ct. at 985. Consequently, the Eleventh Circuit has repeatedly insisted "that state action requires *both* an alleged constitutional deprivation 'caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible,' *and* that 'the party charged with the deprivation must be a person who may fairly be said to be a state actor.' *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982); *see Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 156, 98 S.Ct. 1729, 56 L.Ed.2d 185 (1978)." *Id*.

"The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.' ... To constitute state action, 'the deprivation must be caused by the exercise of some right or privilege created by the State ... or by a person for whom the State is responsible,' and 'the party charged with the deprivation must be a person who may fairly be said to be a state actor.'" *West v. Atkins*, 487 U.S. 42, 49, 108 S.Ct. 2250, 2255 (1988) (citations omitted). "[A] State normally can be held responsible for a private decision only when it has exercised coercive power or has provided such significant encouragement, either overt or covert, that the choice must in law be deemed to be that of the State." *Blum v. Yaretsky*,

457 U.S. at 1004, 102 S.Ct. at 2786.

It is undisputed that Dr. Hilyer is a private physician who does not function within the state or county system. The mere fact that the county provided the source of payment for Slaughter's surgery is not determinative of state action; rather, it is the context within which the defendant physician rendered treatment that determines the nature of the action. *West v. Atkins*, 487 U.S. at 57 n.15. The context within which Dr. Hilyer provided treatment to Slaughter is indistinguishable from that of the ordinary physician-patient relationship. Consequently, the court concludes that Dr. Hilyer did not act under color of state law in his treatment of Slaughter. Thus, Slaughter's § 1983 claims against this defendant are frivolous and summary judgment is therefore due to be granted in favor of Dr. Hilyer on such claims.

### B. State Law Claims

To the extent Slaughter seeks to present claims against Dr. Hilyer under state law, review of these claims is appropriate only upon exertion of this court's supplemental jurisdiction. In the posture of this case, the court concludes that exercise of supplemental jurisdiction is inappropriate.

The court's exercise of supplemental jurisdiction over state law claims is completely discretionary. Under 28 U.S.C. § 1367(c)(3), the court may "decline to exercise supplemental jurisdiction over a [state law] claim if the district court has dismissed all claims over which it has original jurisdiction...." The court's discretion is advised by *Untied Mine Workers v. Gibbs*, 383 U.S. 715 (1966), in which the Court held that

"[n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law. Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well." *Id.* at 726. In *Carnegie-Mellon University v. Cohill*, 484 U.S. 343 (1988), the Supreme Court reiterated that "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice...." The court therefore concludes that Slaughter's state law claims should be dismissed without prejudice.

### C. The County Defendants

Slaughter challenges the medical treatment provided to him by county jail officials and medical personnel under contract with the Lee County Detention Center. In response to the claims presented in the complaint, these defendants argue that this case should be dismissed because Slaughter failed to properly exhaust his administrative remedies as directed by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a).

The Prison Litigation Reform Act requires exhaustion of available administrative remedies before a prisoner can seek relief in federal court on a § 1983 complaint. Specifically, 42 U.S.C. § 1997e(a) states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." "Congress has provided in § 1997(e)(a) that an inmate

must exhaust irrespective of the forms of relief sought and offered through administrative remedies." *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Exhaustion of all available administrative remedies is a precondition to litigation and a federal court cannot waive the exhaustion requirement. *Booth*, 532 U.S. at 741; *Alexander v. Hawk*, 159 F.3d 1321, 1325 (11th Cir. 1998); *Woodford v. Ngo*, ___ U.S. ___, 126 S.Ct. 2378 (2006). Moreover, "the PLRA exhaustion requirement requires proper exhaustion." *Woodford*, ___ U.S. at ___, 126 S.Ct. at 2387. "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules [as a precondition to filing suit in federal court] because no adjudicative system can function effectively without imposing some orderly structure on the courts of its proceedings.... Construing § 1997e(a) to require proper exhaustion ... fits with the general scheme of the PLRA, whereas [a contrary] interpretation [allowing an inmate to bring suit in federal court once administrative remedies are no longer available] would turn that provision into a largely useless appendage." *Id*. at 2386.

The record in this case establishes that the Lee County Detention Center provides a grievance procedure for inmate complaints. The undisputed evidentiary materials submitted by the defendants demonstrate that Slaughter failed to file a grievance and/or properly appeal any grievance submitted with respect to the actions of Jay Jones, Cary Torbert, Corey Welch, Dr. John McFarland and Linda Stewart. Although Slaughter asserts

that he has "written complaints" and submitted requests for medical treatment, *Plaintiff's Response to the Defendants' Special Reports - Court Doc. No. 14* at 1, he fails to allege or present any evidence that he filed the requisite grievance(s). Moreover, Slaughter does not dispute that he has not undertaken the grievance appeal necessary to exhaust his available administrative remedy. The court therefore concludes that the claims for relief presented in this cause of action against defendants Jones, Torbert, Welch, McFarland and Stewart are subject to dismissal as the plaintiff has not yet exhausted an available administrative remedy.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The motion for summary judgment filed by Dr. Ronald W. Hilyer be GRANTED.

2. The plaintiff's 42 U.S.C. § 1983 claims against Dr. Ronald W. Hilyer be DISMISSED with prejudice.

3. To the extent the plaintiff seeks to proceed against Dr. Hilyer under state law, any such state law claims be DISMISSED without prejudice.

4. The motion for summary judgment filed by Jay Jones, Cary Torbert, Corey Welch, Dr. John McFarland and Linda Stewart be GRANTED to the extent that these defendants seek dismissal of this case for Slaughter's failure to exhaust an available administrative remedy.

5. The plaintiff's claims against Jay Jones, Cary Torbert, Corey Welch, Dr. John McFarland and Linda Stewart be DISMISSED without prejudice in accordance with the

provisions of 42 U.S.C. § 1997e(a) for the plaintiff's failure to exhaust an available administrative remedy.[3]

    6.  This case be DISMISSED.

It is further

ORDERED that on or before August 14, 2007 the parties may file objections to the Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit

---

[3] The plaintiff and county defendants are advised that this Recommendation does not in any way address the merits of the plaintiff's claims for relief against defendants Jones, Torbert, Welch, McFarland or Stewart.  Consequently, this dismissal has no impact on the plaintiff's ability to pursue his claims against the aforementioned defendants in this court upon his proper exhaustion of the administrative remedy available to him.

handed down prior to the close of business on September 30, 1981.

    Done this 2nd day of August, 2007.


                        /s/Terry F. Moorer
                        TERRY F. MOORER
                        UNITED STATES MAGISTRATE JUDGE